UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ANDREW L. YOUNG, )<br>)<br>   Debtor/Appellant, )<br>)<br>   v. )<br>)<br>LAKE COUNTY TREASURER, )<br>)<br>   Creditor/Appellee. ) | Cause No. 2:23-CV-324-PPS |

## OPINION AND ORDER

In September 2017, Andrew Young filed for Chapter 11 bankruptcy. *See* Bankruptcy Cause No. 2:17-22665-JRA. Several companies that Young owns, including D.A.Y. Investments, LLC, separately filed for Chapter 11 bankruptcy in this district. *See* Cause No. 2:17-22657-JRA. Young's individual bankruptcy has been jointly administered along with these related cases. [DE 93; DE 94, Cause No. 2:17-22665-JRA.] The Lake County Treasurer moved for summary judgment, seeking to convert D.A.Y.'s Chapter 11 proceedings into Chapter 7 liquidation proceedings. [DE 1156, *id.*] In an order dated May 24, 2023, the court granted summary judgment against D.A.Y. and converted its bankruptcy to a Chapter 7 proceeding. [DE 1377, *id.*] D.A.Y. sought reconsideration of the conversion order [DE 1389, *id.*], and the bankruptcy court on September 12 denied that motion. [DE 1409, *id.*]

Young filed a notice of appeal September 26, seeking review of the bankruptcy court's order converting D.A.Y.'s Chapter 7 proceeding into a Chapter 11 proceeding. [DE 2.] While Young and D.A.Y. are respectively represented by counsel in the

bankruptcy proceedings, Young is proceeding in this appeal *pro se*. He filed this appeal in his individual capacity. D.A.Y. has not filed a notice of appeal and the deadline to do so has passed. *See* Bank. R. 8002(a).

Before Young filed his opening brief, the Treasurer filed a motion to dismiss this appeal because Young lacks standing to appeal the bankruptcy court's order, which applies only to D.A.Y. and not to Young in his individual capacity. [DE 5.] I stayed the deadline for Young to file his opening brief to address this jurisdictional issue, and the motion is ripe for my review. [DE 11; *see* DE 6; DE 7; DE 8; DE 10; DE 12.] Because Young failed to personally object or join in D.A.Y.'s objection in the bankruptcy court, I find he lacks standing to pursue this appeal.

"The test for standing is a familiar one: '[a] plaintiff has standing only if he can allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" *Pavlock v. Holcomb*, 35 F.4th 581, 588 (7th Cir. 2022) (quoting *California v. Texas*, 141 S. Ct. 2104, 2113 (2021)). The party invoking federal jurisdiction bears the burden of establishing standing. *Id.* (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). The Seventh Circuit has characterized bankruptcy standing as "a form of prudential standing" that is "more confined" than Article III standing." *In re Ray*, 597 F.3d 871, 875 (7th Cir. 2010) (citing *In re Stinnett*, 465 F.3d 309, 315 (7th Cir. 2006); *In re Carbide Cutoff, Inc.*, 703 F.2d 259, 264 (7th Cir. 1983)). *Compare Lujan v. Defenders of Wildlife*, 504 U.S. at 560 (describing Article III standing), *with In re Andreuccetti*, 975 F.2d 413, 416 (7th Cir. 1992) (describing bankruptcy standing).

"Only a 'person aggrieved' has standing to appeal an order of a bankruptcy court." *In re Ray*, 597 F.3d at 874 (quoting *In re Schultz Mfg. & Fabricating Co.*, 956 F.2d 686, 690 (7th Cir. 1992)). To qualify as a "person aggrieved," a party must appear and object at the bankruptcy court hearing. "If a party fails to appear at a hearing or object to a motion or proceeding, it cannot expect or implore the bankruptcy court to address the issues raised by the motion or proceeding for a second time." *Id.* In addition to the attendance and objection requirements, "[o]nly those persons affected pecuniarily by a bankruptcy order have standing to appeal that order." *Id.* (quoting *In re Stinnett*, 465 F.3d at 315). To be "affected pecuniarily" means a person can "demonstrate that the order diminishes the person's property, increases the person's burdens, or impairs the person's rights." *In re Cult Awareness Network, Inc.*, 151 F.3d 605, 607–08 (7th Cir. 1998). This "narrower" standard for bankruptcy standing exists to promote judicial economy and efficiency in the administration of bankruptcies. *In re Ray*, 597 F.3d at 874. *See also In re Cult Awareness Network*, 151 F.3d at 609 ("The purpose of the pecuniary interest rule is to insure that bankruptcy proceedings are not unreasonably delayed by protracted litigation by allowing only those persons whose interests are directly affected by a bankruptcy order to appeal.").

The Treasurer asserts that Young fails to meet these prerequisites to appeal the bankruptcy court's conversion order, because he did not personally object to its motion for summary judgment against D.A.Y. The Treasurer also notes that there are numerous procedural deficiencies with the appeal – Young has not provided a copy of the

3

appealed order with his notice of appeal, D.A.Y. has not filed an appearance of counsel, and D.A.Y. has not filed a corporate disclosure statement. *See* Bank. R. 8003; Bank. R. 8012. While acknowledging that D.A.Y. and Young were represented by the same counsel in the jointly administered bankruptcy proceedings, the Treasurer tells me that what matters is that counsel appeared and objected to summary judgment on behalf of D.A.Y., not Young, and that prior to filing his notice of appeal, Young had not otherwise disputed the court's order converting D.A.Y.'s bankruptcy. Young responds that this is a matter of style over substance, because D.A.Y. is a single-member limited liability company that he alone controls. To wit, in the course of his personal bankruptcy, Young claims he listed "every bit of" D.A.Y.'s assets on a schedule of his assets.

D.A.Y. was organized as an Indiana limited liability company on October 28, 2002. [DE 1231 at 4, Cause No. 2:17-22665-JRA.] It is "well-established that 'a corporation may appear in the federal courts only through licensed counsel,'" and various courts have held that limited liability companies may only appear in federal court through counsel. *Kipp v. Royal & Sun All. Pers. Ins. Co.*, 209 F. Supp. 2d 962, 962 (E.D. Wis. 2002) (quoting *Operating Engineers Local 139 Health Fund v. Rawson Plumbing, Inc.*, 130 F.Supp.2d 1022, 1023 (E.D. Wis. 2001). *See also Collier v. Cobalt, LLC*, 2002 WL 726640 (E.D.La. Apr. 22, 2002); *In re ICLNDS Notes Acquisition, LLC*, 259 B.R. 289, 293–94 (Bankr. N.D. Ohio 2001). The United States Bankruptcy Court for the Northern District of Indiana specifically requires any entity other than a natural person to "be represented by an attorney." N.D. Ind. Bkr. L.R. B-9010-1(e). Moreover, under Indiana law, there is a

clear distinction between a natural person who owns a membership interest in a LLC and the underlying entity. *See, e.g.*, *Martin v. Krise*, 184 N.E.3d 1193, 1194 (Ind. Ct. App. 2022) ("The substantive law of the State of Indiana (and all states) shields principals and employees of a limited liability company from individual liability for the actions or failures of the company."). In that vein, Indiana law bars members from being named as "a party to a proceeding by or against a limited liability company solely by reason of being a member of the limited liability company," except under narrow circumstances that do not apply in this case. *See* Ind. Code § 23-18-3-5.

In keeping with Local Rule B-9010-1(e), D.A.Y. has been represented by counsel in the underlying bankruptcy proceeding. It has not sought to appeal the court's conversion order or its denial of reconsideration of that order. Of course, to do so, it would have had to file a notice of appeal through counsel, which it has not done. D.A.Y.'s response to the Treasurer's motion for summary judgment was signed and filed on its behalf, not also by Young personally. [DE 1170 at 1, 12, Cause No. 2:17-22665-JRA.] Young asserts that because D.A.Y. is a single-member LLC, his bankruptcy was jointly administered with D.A.Y.'s bankruptcy, and he has the same counsel as D.A.Y. in the underlying proceedings, I should look past the fact that he never appeared and objected to the Treasurer's motion for summary judgment with respect to the conversion of D.A.Y.'s Chapter 11 proceeding. [DE 8 at 2–4.] But to do so would look past the fact that, legally speaking, D.A.Y. and Young are separate and distinct entities. And it would undermine the policy of judicial economy and efficiency in the resolution of bankruptcy

proceedings that undergirds the standing doctrine. *See In re Ray*, 597 F.3d at 874. So while there are certain practical appeals to his argument, they seem to cut against the whole point of distinguishing between a corporate entity and an individual for purposes of administering their interrelated bankruptcy proceedings.

It does not appear that the Seventh Circuit has ever explored the objection prerequisite to bankruptcy standing in this precise context – that is, where an individual represented by the same counsel as a closely held company in a jointly administered bankruptcy proceeding seeks to appeal a judgment entered against the company. That said, in *In re Ray*, the circuit rejected an analogous argument that a debtor may pursue an appeal because another, closely related party appeared and objected in the bankruptcy court. There, a law firm called Becker represented a committee of creditors in a jointly administered bankruptcy proceeding. *Id.* at 872–73. In the course of the proceedings, the partner who had primary responsibility for representing the committee moved to a new firm, Gray Robinson, which substituted in as counsel for the committee. *Id.* at 873. Prior to the swap, Becker filed a final application for fees, which was approved by the bankruptcy court.

The parties' proposed reorganization plan was rejected and further attempts at resolution failed. The debtors then filed a motion to dismiss the bankruptcy cases due to the utter insolvency of the estate. The committee and the U.S. Trustee later filed motions to convert the debtors' cases to Chapter 7 cases or, alternatively, for appointment of a Chapter 11 trustee. Becker did not make any filings objecting to these motions and no

representative of the firm appeared at an omnibus hearing before the bankruptcy court. The court subsequently entered an order dismissing the debtors' Chapter 11 cases due to the insolvency of the estate. At that point, Becker filed a motion for reconsideration of the dismissal order, which was denied, and then filed an appeal with the district court. *Id.* at 873–74.

The district court found that Becker had standing to pursue the appeal and affirmed the bankruptcy court's order. *Id.* at 874. The Seventh Circuit saw it differently, homing in on the standing issue. While acknowledging that the partner who represented the committee on Becker's behalf had appeared at the omnibus hearing, the court observed that he never filed an appearance on behalf of the Becker firm in the bankruptcy court and he introduced himself as "here for the Committee," not the Becker firm, at the omnibus hearing. 597 F.3d at 875. Becker only objected after the fact, in its motion for reconsideration, but those motions did not "remedy its initial failure to appear and present its objections to the bankruptcy court." *Id.* at 876.

Young's case is different from *In re Ray*, because he is represented personally in the bankruptcy proceeding by the same counsel that filed an appearance and specifically objected to summary judgment on D.A.Y.'s behalf. I am unpersuaded that *In re Ray* categorically bars standing in this distinct factual scenario, as the Treasurer seems to believe. But the fact remains that "appearance *and* objection are required for bankruptcy standing." 597 F.3d at 875 (emphasis added). While it's true that Young and D.A.Y. are represented by the same counsel, I am not aware of any authority standing for the

position that this alone confers an individual standing to seek an appeal of a bankruptcy court order entered against a related corporate entity, and Young fails to identify any such authority. The bankruptcy court's order granting the conversion of D.A.Y.'s bankruptcy specifically distinguishes between D.A.Y., on one hand, and Young, on the other. [DE 1377 at 1–2, Cause No. 2:17-22665-JRA.] They are not, as Young suggests, treated synonymously simply because their bankruptcies are being jointly administered by the court. The only objection to the Treasurer's motion seeking the conversion of D.A.Y.'s bankruptcy was specifically filed on behalf of D.A.Y., not Young. There is nothing else in the record before me supporting the view that Young personally joined in D.A.Y.'s objection. To that point, it's notable that when D.A.Y. sought reconsideration of the court's order granting summary judgment, it again did so on its own behalf and Young never sought to join in the motion for reconsideration. Finally, D.A.Y. has not filed any appearance of counsel or corporate disclosure statement, as it must do to pursue this appeal. *See* Bank. R. 8003; Bank R. 8012. While that does not weigh directly on the issue of Young's standing, it is yet another indicator that permitting him to proceed individually in this appeal, purportedly on D.A.Y.'s behalf, would be inappropriate.

In sum, to adopt Young's broader view would ignore the distinctions between corporate entities and individuals in the joint administration of bankruptcy proceedings. And it would ignore related procedural prerequisites for D.A.Y. to seek an appeal – *i.e.*, an appearance of counsel and the filing of a corporate disclosure statement. So while I

8

agree that on first blush, it may appear that this is merely a matter of style over substance, in reality, the prerequisites to bankruptcy standing (as well as the procedural requirements to perfect a bankruptcy appeal) exist to reinforce the orderly and efficient administration of interrelated bankruptcy proceedings. Those prerequisites provide that Young must separately object on his own behalf to get his foot in the door on an appeal of an order affecting D.A.Y., and not himself personally. He has not done so, and that means his appeal must be denied for lack of standing.

**ACCORDINGLY:**

For the reasons explained in this opinion and order, Appellee Lake County Treasurer's Motion to Dismiss Bankruptcy Appeal for Lack of Standing [DE 5] is **GRANTED**. The Clerk is **DIRECTED** to close the case.

**SO ORDERED**.

ENTERED: December 4, 2023.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT