UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ANDREW L. YOUNG, | ) |
| | ) |
| Debtor/Appellant, | ) |
| | ) |
| v. | ) Cause No. 2:23-CV-324-PPS |
| | ) |
| LAKE COUNTY TREASURER, | ) |
| | ) |
| Creditor/Appellee. | ) |

**OPINION AND ORDER**

Andrew Young filed this bankruptcy appeal on September 26, 2023, seeking review of the bankruptcy court's order converting the Chapter 11 bankruptcy of an entity called D.A.Y. Investments, LLC into a Chapter 7 proceeding. [DE 2.] D.A.Y. is represented by counsel in the underlying proceeding, which is being jointly administered with Young's individual bankruptcy and the bankruptcies of a couple other related entities. [DE 13 at 1.] *See* Cause Nos. 2:17-22665-JRA, 2:17-22657-JRA. Young has been proceeding *pro se* in this appeal.

On December 4, 2023, I granted the Lake County Treasurer's motion to dismiss this case because Young lacks standing to appeal the bankruptcy court's order. [DE 13; *see* DE 5.] Young has filed a motion styled as a "Motion for Rehearing," which I construe as a request that I reconsider my ruling granting the Treasurer's motion to dismiss. [DE 15; *see* DE 20; DE 21.] In sum, the motion lacks merit and will be denied.

Strictly speaking, there is no such thing as a 'motion for reconsideration' under the Federal Rules of Civil Procedure. *Hope v. United States*, 43 F.3d 1140, 1142 n.2 (7th

Cir. 1994). *See also Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 n.1 (7th Cir. 2001). That said, the Seventh Circuit has explained that a motion to reconsider "performs a valuable, but limited, function: 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Range v. Brubaker*, 2009 WL 102430, at *1 (N.D. Ind. Jan. 13, 2009) (quoting *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996)). *See also*, *e.g.*, *Miller v. City of Plymouth*, 2010 WL 2194842, at *1 (N.D. Ind. May 27, 2010). More specifically, a motion to reconsider is appropriate where: "(1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in law since the submission of the issues to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court." *Janky v. Batistatos*, 2009 WL 10692471, at *1 (N.D. Ind. Aug. 24, 2009) (quoting *Orange v. Burge*, 451 F. Supp. 2d 957, 961 (N.D. Ill. 2006)). *See also Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

In other words, a motion for reconsideration is not a vehicle to rehash arguments previously raised or waived in briefing the underlying motion. It is "not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in extraordinary circumstances." *First Nat'l Bank in Manitowoc v. Cincinnati Ins. Co.*, 321 F. Supp. 2d 988, 992 (E.D. Wis. 2004). The circuit has stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him.

> Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

*Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995). *See also Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) ("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."); *Divane v. Krull Elec. Co.*, 194 F.3d 845, 850 (7th Cir. 1999); *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). "Disposition of a motion for reconsideration is left to the discretion of the district court, and its ruling will not be reversed absent an abuse of that discretion." *CBI Indus., Inc.*, 90 F.3d at 1270 (citing *Billups v. Methodist Hosp.*, 922 F.2d 1300, 1305 (7th Cir. 1991)). *See also Ahmed v. Ashcroft*, 388 F.3d 247, 250 (7th Cir. 2004) (noting that "review of the denial of a motion to reconsider is highly deferential").

My prior Opinion and Order [DE 13] outlined the requirements for bankruptcy standing, *see Pavlock v. Holcomb*, 35 F.4th 581, 588 (7th Cir. 2022), and explained that a party's "appearance and objection are required for bankruptcy standing," *In re Ray*, 597 F.3d 871, 875 (7th Cir. 2010). I acknowledged that *In re Ray* did not involve the same situation presented in this case, because Young is represented personally in the jointly administered bankruptcy proceeding by the same counsel that filed an appearance and specifically objected to summary judgment on D.A.Y.'s behalf. I was unpersuaded that the case "categorically bars standing in this distinct factual scenario," as the Treasurer seemed to argue in its motion to dismiss. [DE 13 at 6–8.]

However, I also noted that there did not appear to be any authority in the Seventh Circuit for the proposition that simply being represented by the same lawyers

3

as an entity in a jointly administered bankruptcy confers standing to appeal rulings to which counsel appeared and objected specifically on behalf of the related entity. *Id.* at 8. To the extent any cases suggest there is a more lenient standard for bankruptcy standing in this situation, Young failed to raise them to my attention in his opposition to the Treasurer's motion and thus waived the argument. I noted that when D.A.Y. sought reconsideration of the bankruptcy court's order, it did so through counsel on its *own behalf*; Young did not file any joinder to that motion or the initial opposition to the Treasurer's motion for summary judgment. *Id.* While not dispositive by any means, I also observed that D.A.Y., as an entity, was required to file an appearance of counsel or corporate disclosure statement to pursue this appeal, and it had not done so. *See* Bank. R. 8003; Bank. R. 8012. That dovetailed with the fact that, as an Indiana limited liability company, D.A.Y. could only appear in federal court through licensed counsel; the district's local rules specifically require any entity other than a natural person to be "represented by an attorney." [DE 13 at 4–5 (citing N.D. Ind. Bkr. L.R. B-9010-1(e).] Adding to all this, Indiana law recognizes clear distinctions between a natural person who owns a membership interest in an LLC and the underlying entity. Allowing Young to proceed with this *pro se* appeal of a ruling affecting D.A.Y.'s rights and obligations under the law cut against with the fact that, legally speaking, they are separate and distinct entities. *See id.*

Young's motion takes issue with my ruling and presents several reasons why he believes I improperly "tossed him out of court." [DE 15 at 2.] First, he points me to a

4

Ninth Circuit case disclaiming the attendance and objection requirements for an appellant to be considered "aggrieved" under the bankruptcy standing doctrine. [DE 15 at 2 (citing *In re Point Ctr. Fin., Inc.*, 890 F.3d 1188 (9th Cir. 2016).] The decision is of particular interest because it was penned by Judge Matthew Kennelly, a district judge in the Northern District of Illinois, sitting on a Ninth Circuit panel by designation. The court's opinion specifically cites *In re Ray* and states in no uncertain terms that in the Seventh Circuit, attendance and objection is a prerequisite for bankruptcy standing. 890 F.3d at 1192 (citing *In re Schultz Mfg. Fabricating Co.*, 956 F.2d 686, 690 (7th Cir. 1992)). But it did so while noting a split of authority among the circuits. *See id.* (comparing *In re Schultz* with *White v. Univision of Va. Inc. (In re Urban Broad. Corp.)*, 401 F.3d 236, 244 (4th Cir. 2005)). The decision does away with the requirements of appearance and objection for purposes of bankruptcy standing in the Ninth Circuit, finding the Fourth Circuit's approach more persuasive. *Id.* at 1193–94 ("Because there is no question that Appellants' pecuniary interests are directly and adversely affected by the bankruptcy court order in question, we reverse the district court's dismissal for lack of standing.").

Whatever value *In re Point Center Financial* has in this circuit, it has none in this case. That's because you won't find it mentioned anywhere in Young's opposition to the Treasurer's motion to dismiss. [*See* DE 8.] Instead, Young argued that he had "appeared and argued at each stage of the proceedings below," essentially conceding that under binding precedent in this circuit, a party's appearance and objection are requirements for bankruptcy standing. *Id.* at 4–5. Confusingly, after arguing that appearance and

5

objection are not "proper elements of standing" in this context, his motion for reconsideration concedes that the Seventh Circuit "has not recently addressed, and continues to hold, appearance and objection are elements of standing." [DE 15 at 1–3.] In any case, a motion for reconsideration is not "designed to give a losing party a belated second bite at the apple," *Jorling v. Anthem, Inc.*, 2011 WL 3759189, at *1 (S.D. Ind. Aug. 25, 2011) (quoting *Fleming Co. v. Krist Oil Co.*, 324 F. Supp. 2d 933, 949 (W.D. Wis. 2004)), and it is well settled that it may not "serve as the occasion to tender new legal theories for the first time." *Publishers Resource, Inc. v. Walker–Davis Pubs., Inc.*, 762 F.2d 557, 561 (7th Cir.1985). *See also Palmer v. Marion Cnty.*, 327 F.3d 588, 597–98 (7th Cir.2003) (explaining that arguments not raised in initial motion or response are waived); *Oto*, 224 F.3d at 606 ("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."). So, even if Young did not tacitly concede that his argument flies in the face of precedent applicable in this circuit, it simply amounts to a new argument not raised and thus waived in opposing the Treasurer's motion to dismiss. I can therefore set it aside.

I do so noting that *In re Point Center Financial* makes some good points the Seventh Circuit does not appear to have squarely addressed. I find the approach taken by Judge Kennelly to be quite persuasive. The appellants in that case had their appeal rejected on standing grounds because they had not attended the bankruptcy court's hearing on the underlying motion. 890 F.3d at 1192. The court focused on the fact that they had later filed a motion for the bankruptcy court to reconsider its ruling, which the

bankruptcy court considered on the merits, and therefore had not waived their challenge to the underlying order. *Id.* at 1193. Because there was "no question" that their "pecuniary interests" were "directly and adversely affected by the bankruptcy court order in question," the court reversed the dismissal on standing grounds. *Id.* at 1194. That seems to be the key question animating the standing doctrine, at the end of the day. The heart of the court's analysis is that bankruptcy standing concerns whether an appellant is aggrieved, "not whether one makes that known to the bankruptcy court." *Id.* at 1193. While failure to attend and object in one's personal capacity "may result in waiver or forfeiture of the right to make certain arguments or object to certain claims, . . . it does not present a jurisdictional standing issue." *Id.*

    This strikes me as a perfectly straightforward approach to what, in this case, essentially boils down to an exercise in formalism. As I previously noted, "on first blush," dismissing a litigant's bankruptcy appeal for failure to appear and object personally struck me as "merely a matter of style over substance." [DE 13 at 8–9.] The issue, as *In re Point Center Financial* specifically acknowledges, is that its approach to bankruptcy standing has not been adopted by the Seventh Circuit. In fact, the circuit has repeatedly reaffirmed these required elements of bankruptcy standing. It does not appear that *In re Point Center Financial* has even been cited in any district court opinions in the Seventh Circuit. Moreover, as I previously explained, there are some good reasons for adhering to the appearance and attendance prerequisites – they "reinforce the orderly and efficient administration of interrelated bankruptcy proceedings."

7

[DE 13 at 9.] *In re Ray*, 597 F.3d at 874 ("These requirements reflect the need for economy and efficiency in the bankruptcy system."); *Brady v. Andrew (In re Commercial Western Finance Corp.)*, 761 F.2d 1329, 1335 (9th Cir. 1985) (support for attendance and objection requirement stems from recognition of "the need for economy and efficiency in the bankruptcy system"). So while I am persuaded that, particularly in the context of this case, application of the appearance and objection requirements is an exceedingly formalistic exercise, the present state of law in this circuit does not permit me to toss them aside in favor of a more lenient approach adopted in the Fourth and Ninth Circuits.

Young's next argument is that whether a party has appeared and objected in the bankruptcy court involves "factual determinations" that are "not discernible from the pleadings." [DE 15 at 3.] At every stage of the case, including at the pleading stage, Young has an obligation to make a showing that the Court has subject matter jurisdiction to entertain the suit. *See Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015) (complaint may be dismissed on standing grounds if it lacks sufficient factual allegations to establish standing). In sizing up Young's allegations, I am permitted to take judicial notice of court records. *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1081–82 (7th Cir. 1997). *See, e.g.*, *Dobrzeniecki v. Salisbury*, 2013 WL 500847, at *2 & n.5 (N.D. Ill. Feb. 11, 2013) (taking judicial notice of bankruptcy court filings in evaluating motion to dismiss complaint on standing grounds) (citing *Ennenga v. Starns*, 677 F.3d 766, 774 (7th Cir. 2012)).

8

I did so in evaluating the Treasurer's motion to dismiss, and as previously explained, the record below speaks for itself. The docket reflects that D.A.Y. appeared through counsel and objected to the Treasurer's motion for summary judgment. When it sought reconsideration of the bankruptcy court's conversion order, it did so on its own behalf; Young never sought to join in D.A.Y.'s opposition or motion for reconsideration. [*See* DE 13 at 8.] Young now asserts that D.A.Y.'s counsel used the term "debtors" in introducing himself at a hearing , and that this allegation establishes that Young himself joined in D.A.Y.'s objection to the Treasurer's motion for summary judgment. [DE 15 at 5.] This argument fails for two reasons. First, it was never raised in Young's opposition to the motion to dismiss, and was therefore waived. Second, Young does not substantiate this claim in any way, which stands in contrast with the information outlined above, which appears plainly on the face of the bankruptcy court docket. Young himself acknowledges that, given the jointly administered nature of the two bankruptcies, the court would use the plural term "debtors" because it "often held *multiple hearings* on the same day[.]" [DE 15 at 4 (emphasis added).] Granting Young the reasonable inferences to which he is entitled at the pleadings stage, this assertion alone does not establish that he appeared and objected to the matters concerning D.A.Y., as distinct from his own individual bankruptcy, in the proceedings below.

Young next points to various distinctions between this case and *In re Ray*. [DE 15 at 4–6.] I previously summarized the unique facts in *In re Ray* while noting that the dispute before the court involved an analogous argument that a debtor can "pursue an

9

appeal because another, closely related party appeared and objected in the bankruptcy court." [DE 13 at 6–7.] I've repeatedly acknowledged, both in my prior opinion and this order, that the Seventh Circuit does not appear to have considered the appearance and objection requirements in this precise factual scenario. But the circuit has repeatedly reaffirmed both prerequisites to being a "person aggrieved" who has bankruptcy standing. For all of Young's arguments distinguishing *In re Ray*, the decision nowhere suggests that its reaffirmation of the attendance and objection requirements was "fact-specific," as Young now argues. [*See* DE 15 at 5.] Young also fails to explain how my characterization of *In re Ray* was inaccurate – he simply asserts that I should find the appearance and objection requirements inconsequential because his case is not a mirror image of the dispute in *In re Ray*.

There are innumerable ambiguities in the law. That's one reason litigants are afforded the right to appeal adverse rulings. But the same consideration animates the rule that "a movant's mere disagreement with a ruling is insufficient to establish a manifest error of law" warranting reconsideration. *See Wilson v. Obaisi*, 2022 WL 17903061, at *1 (N.D. Ill. Nov. 21, 2022) (citing *Oto*, 224 F.3d at 606). Otherwise, "some lawsuits might never end, rather than just seeming endless." *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995). Young's arguments on this front essentially reflect disagreement with my application of the law, and that is not enough to form a basis for reconsideration of my ruling.

**Conclusion**

In sum, while I may have my reservations about the Seventh Circuit's adherence to the appearance and objection requirements for bankruptcy standing—and the circuit may well agree and do away with them, as various circuits have done—as it stands, they apply in this case. For the reasons explained above, Young has not established any basis for me to reconsider my ruling dismissing this appeal on standing grounds. Accordingly, Young's Motion for Rehearing [DE 15], which I construe as a motion to reconsider my Opinion and Order dismissing this bankruptcy appeal for lack of standing [DE 13], is **DENIED**.

**SO ORDERED**.

ENTERED: February 23, 2024.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT